UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY LLOYD KALSO,<br><br>Petitioner,<br><br>v.<br><br>BUTTE COUNTY SUPERIOR COURT,<br><br>Respondent. | No.  2:24-cv-00512-DAD-CKD (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THE PETITION<br><br>(Doc. No. 6) |

Petitioner Zachary Lloyd Kalso is a former detainee of the Butte County Jail[1] proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 24, 2024, the assigned magistrate judge issued findings and recommendations recommending that petitioner's federal habeas petition be dismissed because it was duplicative of another petition he had filed on the same day.  (Doc. No. 6 at 1); *see* Pet., *Kalso v. Butte Cnty. Superior Court*, No. 2:24-cv-00507-DJC-DMC-P (E.D. Cal. Feb. 20, 2024) (Doc. No. 1); *Kalso v. Butte Cnty. Superior Court*, No. 2:24-cv-00643-WBS-AC, 2024 WL 923511, at *3 (E.D. Cal.

---

[1] The undersigned notes that petitioner appears to have filed his petition prior to any criminal conviction and sought to be released from Butte County Jail on a lower bail.  (Doc. No. 1 at 3–4.)  Petitioner has since updated his address, indicating that he has been released from custody.

1

1  Mar. 1, 2024) (referring to instant case and another habeas petition by petitioner as seeking the
2  same relief as that sought in a separate 42 U.S.C. § 1983 case filed by petitioner), *report and*
3  *recommendation adopted*, No. 2:24-cv-00643-WBS-AC, 2024 WL 1857855 (E.D. Cal. Apr. 29,
4  2024).  The undersigned also notes that petitioner's first filed habeas petition in 2:24-cv-00507-
5  DJC-DMC-P, which the petition in this case is duplicative of, was summarily dismissed on
6  August 2, 2024, as failing to state a cognizable claim for federal habeas relief because petitioner
7  was not challenging a state court judgment.  *See* Order, *Kalso*, 2:24-cv-00507-DJC-DMC-P (Aug.
8  2, 2024) (Doc. No. 8).

9       The pending findings and recommendations were served upon petitioner and contained
10 notice that any objections thereto were to be filed within fourteen (14) days of the date of service.
11 (Doc. No. 6 at 2.)  To date, petitioner has not filed any objections and the time in which to do so
12 has passed.

13      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
14 *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the
15 pending findings and recommendations are supported by the record and proper analysis.

16      Having concluded that the pending petition must be dismissed, the court also declines to
17 issue a certificate of appealability.  A petitioner seeking writ of habeas corpus has no absolute
18 right to appeal; he may appeal only in limited circumstances.  *See* 28 U.S.C. § 2253; *Miller-El v.*
19 *Cockrell*, 537 U.S. 322, 335-36 (2003).  If a court denies a petitioner's petition, the court may
20 only issue a certificate of appealability when a petitioner makes a substantial showing of the
21 denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  Where, as here, the court denies habeas
22 relief on procedural grounds without reaching the underlying constitutional claims, the court
23 should issue a certificate of appealability "if jurists of reason would find it debatable whether the
24 petition states a valid claim of the denial of a constitutional right and that jurists of reason would
25 find it debatable whether the district court was correct in its procedural ruling."  *Slack v.*
26 *McDaniel*, 529 U.S. 473, 484 (2000).  In the present case, the court finds that reasonable jurists
27 would not find the court's determination that the pending petition must be dismissed to be
28 debatable or wrong.  Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on April 24, 2024 (Doc. No. 6) are adopted in full;

2. The operative petition for a writ of habeas corpus filed in this action (Doc. No. 1) is dismissed as duplicative of the already dismissed petition filed in *Kalso v. Butte Cnty. Superior Court*, No. 2:24-cv-00507-DJC-DMC (E.D. Cal.);

3. The court declines to issue a certificate of appealability; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **November 26, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3